# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RIESER, SHARYL RIESER, CYNTHIA THOMPSON, and SECURITY CAPITAL CORPORATION,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>EVANSTON INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. 09-CV-1104 JLS (AJB)<br><br>**ORDER: DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(Doc. No. 21) |

　　　Presently before the Court is Plaintiffs' motion for partial summary judgment on the issue of consequential damages. (Doc. No. 21.) The Court also is in receipt of Defendant's opposition and Plaintiffs' reply. (Doc. Nos. 27 & 31.) Having fully reviewed the parties' arguments and the law underlying this case, the Court **DENIES** Plaintiffs' motion for partial summary judgment.

## BACKGROUND

　　　Plaintiff Security Capital Corporation, which conducted business under the name Insurance I.S. Strategies Insurance Agency ("Insurance Strategies"), is a Nevada corporation with its principal place of business in California. (Doc. No. 1 (Compl.) ¶ 8.) Insurance Strategies and Defendant Evanston Insurance Company entered into an insurance contract which "provided coverage to the insured for any claim first made during the policy period by reason of an act, error or omission that arose 'out of professional services rendered, or that should have been rendered by the insured . . . in

1  the conduct of the Insured's profession as an insurance agent.'" (*Id.* ¶¶ 23 & 27.)

2  In 2004, a dispute arose between Molina Healthcare of Washington and Insurance Strategies about alleged overpayment of insurance premiums. (*Id.* ¶¶ 29–35.) Molina Healthcare filed suit in the United States District Court for the Central District of California against Insurance Strategies, Stephanie Buffery, Aaron Goffman, and Plaintiffs Larry Rieser, Sharyl Rieser, and Cynthia Thompson, alleging fraud, negligent misrepresentation, breach of contract, and breach of fiduciary duty. (*Id.* ¶¶ 39, 40, 41, 43, & 45.) Molina claimed "that the amount of premium paid . . . was higher than the premium [paid by defendants] for the reinsurance policy, and that the Riesers and Goffman improperly retained the difference." (*Id.* ¶ 47.) It also alleged "that the Riesers had altered the written insurance policies obtained from ReliaStar in order to reflect the 'higher' premium rates Molina paid." (*Id.* ¶ 48.) Plaintiffs denied and continue to deny these allegations. (*Id.* ¶¶ 50, 51, 59–64.)

Plaintiffs tendered the lawsuit to Defendant, and Defendant "accepted the tender of the defense . . . subject to a reservation of rights." (*Id.* ¶¶ 65–71.) However, on April 21, 2005, Defendant wrongfully denied coverage for the underlying lawsuit. (*Id.* ¶¶ 72–74; Doc. No. 14 (Prior Order) at 14.)

Although Plaintiffs initially retained counsel, eventually their counsel withdrew because Plaintiffs could no longer afford to pay. (Compl. ¶ 99.) Proceeding pro se, Plaintiffs failed to timely file an opposition to Molina Healthcare's motion for summary judgment, and judgment was entered against them in part for $655,479. (*Id.* ¶¶ 100–05.) They then opted to settle the matter for $250,000. (*Id.* ¶ 111.)

Plaintiffs filed this action on May 20, 2009, alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 123–38.) They seek consequential and incidental damages along with emotional distress damages, attorney's fees, and punitive damages. (*Id.* at 15.) On June 16, 2009, Defendant filed a motion to dismiss and on September 1, 2009, Plaintiffs filed a cross motion for summary judgment on the issue of Defendant's duty to defend in the underlying action. (Doc. Nos. 3 & 8.) On December 7, 2009, the Court denied Defendant's motion and granted Plaintiffs' motion for summary judgment. (Prior Order.)

//

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1) the moving party demonstrates the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The movant can carry his burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 324. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

//
//
//
//
//
//

**ANALYSIS**

Plaintiffs seek summary judgment on a single issue only: a partial damages award of $250,000 in consequential damages based on their settlement of the underlying case. (*See* Memo. ISO Motion at 5–10; Reply at 1 (withdrawing without prejudice the issue of costs expended for their defense).)

When it comes to a damages award where an insurer improperly fails to defend an insured, one of two different lines of precedent might apply depending on the circumstances in the underlying case. The first holds that "where an insurer tortiously breaches the duty to defend and the insured suffers a default judgment because the insured is unable to defend, the insurer is liable for the default judgment, which is a proximate result of its wrongful refusal to defend." *Amato v. Mercury Cas. Co. (Amato II)*, 53 Cal. App. 4th 825, 829 (Cal. Ct. App. 1997); *see also id.* at 834 ("When the insurer refuses to defend and the insured does *not* employ counsel and presents *no* defense, it *can* be said the ensuing default judgment is proximately caused by the insurer's breach of the duty to defend." (emphasis in original)). This "is considered a consequential damage of the breach of the duty" to defend. *Tradewinds Escrow v. Truck Ins. Exch.,* 97 Cal. App. 4th 704, 713 n.6 (Cal. Ct. App. 2002) (citing *Amato II*, 53 Cal App. 4th at 833). "It is no defense that the ultimate judgment against the insured is not necessarily rendered on a theory within the coverage of the policy. Nor must the insured prove that the judgment would have been smaller, or would not have occurred, but for the insurer's wrongful failure to defend: 'Such a theory . . . would impose upon the insured the impossible burden of proving the extent of the loss caused by the insurer's breach.'" *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 901–02 (9th Cir. 2000) (quoting *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 280 (1966)).

The second line of precedent addresses a slightly different situation; "[w]here an insured mounts a defense at the insured's own expense following the insurer's refusal to defend, the usual contract damages are the costs of the defense." *Amato II*, 53 Cal. App. 4th at 831. In such a case "[a]n insurer may . . . raise the defense of noncoverage when it was not possible that the judgment was rendered on a covered theory, as when issues relating to the asserted defense of noncoverage were not raised in the underlying suit, or when the judgment was expressly rendered on a theory of liability outside the policy." *Pershing Park*, 219 F.3d at 902 n.4 (9th Cir. 2000) (citing, *inter alia*, *Hogan v.*

1  *Midland Nat. Ins. Co.*, 476 P.2d 825, 832–33 (Cal. 1970)). However, "[i]f it is not clear from the verdict in the underlying action on what theory the judgment was rendered against the insured, the insurer cannot thereby escape liability for that judgment simply because it was not necessarily based on a theory within the coverage of the policy." *Pruyn v. Agric. Ins. Co.*, 36 Cal. App. 4th 500, 514 (1995).

Plaintiffs argue that the resolution of the underlying case was effectively a default judgment. "It is . . . clear that the Riesers depleted their assets fighting the Molina lawsuit . . . until the point that they were no longer able to afford counsel. Although the Riesers did try to continue *in pro per*, without legal training and having no experience in such matters, they were ill-equipped to deal with defending a lawsuit in federal court." (Memo. ISO Motion at 9.) Without competent counsel, Plaintiffs put on no defense to the summary judgment motion. (*Id.* at 6.) They therefore reason that since they did not present a complete defense, the resulting judgment should be viewed as consequential damages. (*See id.* at 3–5.)

Defendant's position is that since Plaintiffs were "actively defending the case" and the court did not actually enter a default judgment that the default line of precedent does not apply. (Opp. at 15–17.) The reason for this is that the "exception to the general rule is premised upon the insured putting on no defense at all." (*Id.* at 16.) To buttress their point, Defendant argues that the grant of summary judgment was not merely the result of Plaintiffs' failure to oppose, but instead the court "carefully reviewed the evidence submitted by Molina before granting the motion."[1] (*Id.* at 17.)

Clearly the question of whether Plaintiffs suffered a default type judgment is a difficult one. Although the judgment was not actually a default, the Plaintiffs did not oppose the motion for summary judgment. And victory by unopposed motion for summary judgment is certainly a form of victory by default. On the other hand, Plaintiffs actually did attempt to litigate the underlying matter to its bitter end.

---

[1] Defendant also argues that (1) the judgment in the underlying case was not covered under the Plaintiffs' policy (Opp. at 13) and (2) that it should not indemnify Plaintiffs because that would violate California public policy. (Opp. at 18–19.) However, the issue of indemnification is beyond the scope of the present motion. Plaintiffs are presently only seeking to recover the judgment as consequential damages, making questions about the policy language and California's public policies regarding indemnification irrelevant at present.

As such, the Court finds that there remains a genuine dispute of material fact for the jury; that is, was the judgment in the underlying action effectively a default judgment that can be said to be a foreseeable and proximate result of Defendant's breach of its duty to defend. As discussed above, the answer to this question is disputed. Since the facts before the Court cut both ways it would be improper to find that there is no genuine dispute of material fact.

Moreover, at oral argument both parties indicated that they were at least somewhat in agreement with this resolution of Plaintiffs' motion. Plaintiffs noted that this could be a question of fact which might properly go to a jury. Defendant stated that it believed that this case fell in between the two lines of precedent and could not be resolved on summary judgment.

Therefore, Plaintiffs' motion for summary judgment is **DENIED** based on genuine disputes of material fact.

## CONCLUSION

For the reasons stated, Plaintiffs' motion for summary judgment is **DENIED**.

IT IS SO ORDERED.

DATED: June 15, 2010

Honorable Janis L. Sammartino
United States District Judge