# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RIESER; SHARYL RIESER; CYNTHIA THOMPSON; SECURITY CAPITAL CORPORATION,<br><br>                      Plaintiffs,<br>vs.<br><br>EVANSTON INSURANCE COMPANY,<br><br>                      Defendant. | CASE NO. 09-CV-1104 JLS (AJB)<br><br>**ORDER: (1) DENYING JOINT MOTION TO BIFURCATE AN ISSUE FOR BENCH TRIAL; (2) MODIFYING SCHEDULING ORDER**<br><br>(Doc. No. 40) |

      Presently before the Court is the parties' joint motion to bifurcate an issue for bench trial. (Doc. No. 40.) The Court finds that the parties have failed to demonstrate good cause for their request. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ."); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982) (holding that district court has discretion to bifurcate). Although the Court understands the parties' desire to avoid the costs associated with the presentation of expert testimony, the Court believes that expert testimony would assist the trier of fact in resolving the disputed issue—whether "the judgment in the underlying action [was] effectively a default judgment that can be said to be a foreseeable and proximate result of Defendant's breach of its duty to defend." (Doc. No. 36, at 6.) Accordingly, the parties' joint motion to bifurcate is **DENIED**. Plaintiffs **SHALL DISCLOSE** the identity of their expert in writing <u>within 14 days of the date this Order is</u>

electronically docketed. The parties shall identify their respective rebuttal experts <u>within 28 days of the date this Order is electronically docketed</u>. The scheduling order (Doc. No. 38) is **HEREBY MODIFIED** accordingly.

   IT IS SO ORDERED.

DATED: December 27, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge